UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARK N. VICORY, | Case No. 1:12-cv-419 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALLOWANCE OF ATTORNEYS' FEES (Doc. 16)**

This civil action is before the Court on Plaintiff's Motion for Allowance of Attorneys' Fees. (Doc. 16).

## I. BACKGROUND

Plaintiff, by and through counsel, asks the Court to award Ms. Marilyn R. Donoff ("Counsel" or "Ms. Donoff") attorneys' fees. (Doc. 16). Counsel represented Plaintiff in a successful Social Security disability benefits appeal. (Doc. 14). As a result of Counsel's representation, Plaintiff (and his dependents) received a total of $138,951.00 in Social Security disability benefits. (Doc. 16 at 3; *see* Docs. 16-4, 16-5, 16-6, 16-7, 16-8).

Plaintiff and Counsel maintained a contingent fee agreement, under which Plaintiff agreed to pay Counsel, either $2,000 or 25% of any award payable to him (and his dependents), whichever was greater. (Doc. 16-3 at 1). Counsel and her staff worked the following hours on Plaintiff's case: Ms. Donoff at 28.75 hours, Ms. Gerhardt at 33.25 hours, and Ms. Adams at 6.75 hours. (Doc. 16 at 4; Doc. 16-1 at 3; Doc. 16-2).

Plaintiff filed this motion on May 24, 2017. (Doc. 16). In this motion, Plaintiff asks the Court to award Counsel $30,012.50 in attorneys' fees, under the 25% contingent fee agreement.[1] (*See id.* at 4). While the Commissioner has not filed a stipulation in support of the requested fees, the Commissioner has not filed a brief in opposition to the requested fees. (*See id.*).

## II. STANDARD OF REVIEW

Section 206(b)(1) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1).

A 25% contingent fee agreement is entitled to "a presumption of reasonableness." *Madura v. Comm'r, Soc. Sec. Admin.*, No. 3:11-CV-118, 2013 WL 1386330, at *1 (S.D. Ohio Apr. 4, 2013) (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)). However, this presumption of reasonableness is not "binding on the court." *Id.* (citing citing *Rodriguez*, 865 F.2d at 746). The attorney must show that the 25% contingency fee agreement is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A reduction is appropriate if the attorney provided ineffective assistance, or if the attorney would enjoy a "windfall." *Rodriguez*, 865 F.2d at 746.

---

[1] While the contingent fee agreement seems to provide for $34,737.75 in attorneys' fees (one fourth of $138,951.00), Plaintiff only seeks $30,012.50 on behalf of Counsel. (Doc. 16 at 4).

2

A 25% contingent fee agreement is not unreasonable simply because it results in an above-average hourly rate. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 981–82 (6th Cir. 1990). Indeed, the Sixth Circuit has held that the fee requested under a 25% contingent fee agreement "can never constitute a 'windfall' unless and until the hypothetical hourly rate exceeds 'twice the standard rate for such work in the relevant market.'" *Bocook v. Astrue*, No. 3:08-CV-309, 2013 WL 992515, at *1 (S.D. Ohio Mar. 13, 2013) (quoting *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990)). This multiplier of two is called the "*Hayes* floor."

The rational for the *Hayes* floor is as follows:

> [A] multiplier of [two] is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Hayes*, 923 F.2d at 422.

### III. ANALYSIS

In this case, Plaintiff asks the Court to award Counsel $30,012.50 in attorneys' fees, under the 25% contingent fee agreement.[2] (Doc. 16-3).

Per the evidence submitted, Counsel and her staff worked the following hours on this case: Ms. Donoff at 28.75 hours, Ms. Gerhardt at 33.25 hours, and Ms. Adams at 6.75 hours. (Doc. 16 at 4; Doc.16-1 at 3; Doc. 16-2). Per prior decisions in this district,

---

[2] As the requested fees do not exceed 25% of the total award, the only question before the Court is whether the requested fees are reasonable.

Counsel and her staff are entitled to at least the following rates: Ms. Donoff at $250/hour, Ms. Gerhardt at $225/hour, and Ms. Adams at $50/hour. *Brandenburg v. Comm'r of Soc. Sec.*, No. 3:09-CV-349, slip op. at 1 (S.D. Ohio Mar. 31, 2011); *see also Miller v. Comm'r of Soc. Sec.*, No. 3:11-CV-133, 2016 WL 4227453, at *2 (S.D. Ohio Aug. 11, 2016), *report and recommendation adopted*, No. 3:11-CV-133, 2016 WL 5339598 (S.D. Ohio Sept. 22, 2016) (stating that Ms. Donoff's "reasonable hourly rate is at least $250").

Considering these hours and rates together, the *Hayes* floor is $30,012.50:

| | | | | | | |
|---|---|---|---|---|---|---|
| Ms. Donoff | 28.75 hours | x | $ 250.00 | x 2 = | | $ 14,375.00 |
| Ms. Gerhardt | 33.25 hours | x | $ 225.00 | x 2 = | | $ 14,962.50 |
| Ms. Adams | 6.75 hours | x | $ 50.00 | x 2 = | | $ 675.00 |
| | | | | | | **$ 30,012.50** |

(Doc. 16 at 4; Doc. 16-1 at 3; Doc. 16-2). As the requested fees match the *Hayes* floor exactly, the Court concludes that the requested fees are reasonable. Thus, Counsel is entitled to their recovery under Section 206(b)(1) of the Social Security Act. Bolstering this conclusion is the fact that the Commissioner has not filed a brief in opposition to the requested fees. (Doc. 16 at 4).

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Allowance of Attorneys' Fees (Doc. 16) is **GRANTED**. Counsel is entitled to an award of attorneys' fees in the amount of $30,012.50. Plaintiff is entitled to any remaining funds withheld by the Commissioner.

**IT IS SO ORDERED.**

Date: 6/10/19

Timothy S. Black
United States District Judge